DECISION
{¶ 1} In these consolidated cases, defendant-appellant, Larry Williams, has filed pro se motions for leave to appeal pursuant to App.R. 5(A). Plaintiff-appellee, the State of Ohio, has filed a memorandum in opposition to defendant's motions. For the following reasons, we deny defendant's motions.
 {¶ 2} App.R. 5(A) allows a criminal defendant to file a motion for leave to appeal after the expiration of the 30-day period provided by App.R. 4(A). Such a motion must set forth the reasons for the failure of the defendant to perfect an appeal as of right. Defendant has the burden of "demonstrating a reasonable explanation of the basis for failure to perfect a timely appeal." State v. Padgitt (Nov. 2, 1999), Franklin App. No. 99AP-1085 (Memorandum Decision), quoting State v. Cromlish (Sept. 1, 1994), Franklin App. No. 94APA06-855. The decision to grant or deny a motion for leave to appeal pursuant to App.R. 5(A) rests within the sound discretion of the court of appeals. Id., citing State v. Fisher (1988),35 Ohio St.3d 22, 26.
 {¶ 3} In 1997, defendant was convicted of two counts of failure to appear in violation of R.C. 2937.29. Defendant did not file a direct appeal from these convictions. In 2002, he filed an App.R. 5(A) motion for leave to appeal these convictions with this court. We denied that motion, noting that defendant was aware of his right to file a direct appeal at all times and offered no reasonable explanation why he failed to take any action in this matter for five years. State v. Williams (Aug. 13, 2002), Franklin App. No. 02AP-619 (Memorandum Decision). Res judicata bars successive App.R.5(A) motions when the merits of the previous motion were considered and decided. State v. Jones (Dec. 16, 1993), Franklin App. No. 93APA09-1261. This court considered and decided the merits of defendant's first motion and denied that motion. Defendant could have and should have presented his present claims in that motion. Accordingly, res judicata would bar defendant's current motions for leave to appeal.
 {¶ 4} Even if we addressed the merits of defendant's motions, defendant has again not offered a reasonable explanation for his failure to timely file a direct appeal. Defendant implies that his attorney's misconduct prevented him from timely filing a direct appeal. However, defendant points to misconduct of an attorney who was hired to represent him only after he was sentenced and after the expiration of the 30-day period provided by App.R. 4(A). Defendant does not explain how this attorney's misconduct could have prevented him from timely filing an appeal.
 {¶ 5} For these reasons, defendant's App.R. 5(A) motions are denied.
Motions denied.
Bowman and Bryant, JJ., concur.