OPINION
{¶ 1} Defendant-appellant, Max A. McBride ("appellant"), was indicted on one count of kidnapping with firearm specification, one count of aggravated robbery with firearm specification and two counts of aggravated murder with both capital and firearm specifications. Appellant entered pleas of guilty to the lesser included offense of abduction with firearm specification, aggravated robbery without specification and the lesser included offense of voluntary manslaughter without specification. The court entered a nolle prosequi as to the remaining count of aggravated murder. The trial court sentenced appellant according to a jointly recommended sentence of 23 years of imprisonment.
 {¶ 2} Appellant pled guilty to, and was sentenced on, the offenses of abduction, aggravated robbery and voluntary manslaughter on February 19, 2004. A review of the transcript establishes that the following occurred at hearing. The trial court was presented with a signed plea form indicating that appellant was prepared to enter pleas of guilty to the above-referenced offenses and that the parties were jointly recommending to the court a 23 year prison sentence. Specifically, the relevant portion of the sentencing entry states:
I understand that the prosecution and defense jointly recommended to the Court sentence(s) of (R.C. 2953.08(D): total incarceration of 23 years as follows: 9 years for voluntary manslaughter (Count 3); 8 years as to Count 2 — Aggravated Robbery; and three years as to Count one — Abduction; and 3 years for firearm specification — all consecutive to each other.
The prosecuting attorney verbally placed the recommended sentence and its specifics on the record. After addressing the defendant, the court was presented with the statement of the facts of the case by the prosecuting attorney. These facts were neither objected to, nor supplemented by, appellant. Prior to sentencing, appellant addressed the court. He stated, in relevant part:
I got to put it on the line because I don't want nobody thinking I'm a killer in life, and I don't want my mom to think I'm a killer in life. I protected myself, and I'm going to accept my 23 years and I'm going to do my time like a man.
(Tr. at 17.)
 {¶ 3} After the presentation of victim impact statements, the sentencing court imposed the jointly recommended sentence of 9 years of incarceration on the offense of voluntary manslaughter, 8 years of incarceration on the offense of aggravated robbery and 3 years of incarceration on the offense of abduction plus a three year prison term on the firearm specification. Each term was ordered to be served as recommended, consecutively to each other.
 {¶ 4} Appellant filed a notice of appeal and raises the following single assignment of error:
The trial court erred in imposing consecutive terms of imprisonment, in violation of R.C. 2929.14(E)(4).
 {¶ 5} Appellant appeals the imposition of the consecutive prison terms asserting that the court violated R.C. 2929.14(E)(4) by not setting forth findings and reasons for the imposition of consecutive terms. Additionally, appellant seeks our review of the entire record pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
 {¶ 6} The plain language of Revised Code 2953.08(D) limits the review of a jointly recommended sentence by providing:
A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
 {¶ 7} This court has previously reviewed the application of R.C. 2953.08(D) and addressed the appealability of a jointly recommended sentence in State v. Graham (Sept. 30, 1998), Franklin App. No. 97AP-1524, 1998 Ohio App. LEXIS 4676, this court found:
"Pursuant to R.C. 2953.08(D), we find that defendant's sentence was authorized by law and was properly accepted by the trial court pursuant to Crim.R. 11 and the applicable provisions of the Revised Code; to wit, R.C. 2943.032. In addition, defendant's sentence was jointly recommended by counsel for defendant and the state, and was imposed by a sentencing judge. Accordingly, defendant is prohibited from appealing the trial court's acceptance of the agreed sentence in an attempt to circumvent the terms of the plea agreement at the expense of the interests of the state. See State v. Butts (1996), 112 Ohio App.3d 683, `[a] plea bargain itself is contractual in nature and subject to contract law standards.' Baker v. United States (C.A.6, 1986),781 F.2d 85, 90. A breached plea agreement may be remedied by specific performance. Santobello v. New York (1971),404 U.S. 257."
See, also, State v. Harris (Dec. 31, 2001), Franklin App. No. 01AP-340, 2001 Ohio App. LEXIS 5989 (sentencing court need not make findings with regard to imposing consecutive sentences pursuant to R.C. 2929.14(E) when presented with an agreed jointly recommended sentence by the prosecutor and the defendant).
 {¶ 8} Thus, we must review the sentence imposed by the court to determine if it meets the three criteria set forth in R.C.2953.08(D). After a full review of the record, we find that there was a jointly recommended sentence to the court by the defendant, who specifically recognized and agreed to the sentence both verbally and in writing, and the prosecution. The recommended sentence was imposed by a sentencing judge. We further find that the charges of voluntary manslaughter and aggravated robbery were both first-degree felony offenses and carried a prison term ranging from three to ten years of incarceration. The offense of abduction was a third-degree felony and carried a prison term ranging from one to five years of incarceration.[1] The court in imposing a nine-year prison term on the offense of voluntary manslaughter, an eight-year prison term on the offense of aggravated robbery and a three-year prison term on the offense of abduction, sentenced well within the sentencing range of each of the felonies and did not impose a maximum sentence on any of the offenses. Therefore, we conclude the sentencing court imposed a sentence authorized by law in that the prison terms imposed were within the statutory ranges for each offense and did not exceed the statutory maximums.
 {¶ 9} Finally, pursuant to Anders, we have carefully and thoroughly reviewed the record and transcript of proceedings and have found no error by the trial court.
 {¶ 10} Because all three of the elements set forth in R.C.2953.08(D) have been met, the sentence imposed on appellant herein is not subject to review. For the above stated reasons, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
French and Wright, JJ., concur.
Justice Craig Wright, retired of the Ohio Supreme Court, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] The three-year prison term on the specific firearm specification herein, is consecutive in nature and mandatory under the law. R.C. 2929.14(D)(1)(a)(ii).