DECISION
{¶ 1} On May 26, 2005, defendant-appellant, Philip D. Walden, filed a pro se motion for leave to appeal pursuant to App.R. 5(A) in these five cases. Plaintiff-appellee, the State of Ohio, has filed a memorandum in opposition to defendant's motion. For the following reasons, we deny defendant's motion.
 {¶ 2} App.R. 5(A) allows a criminal defendant to file a motion for leave to appeal after the expiration of the 30-day period provided by App.R. 4(A). Such a motion must set forth the reasons for the failure of the defendant to perfect an appeal as of right. Defendant has the burden of "demonstrating a reasonable explanation of the basis for failure to perfect a timely appeal." State v. Padgitt (Nov. 2, 1999), Franklin App. No. 99AP-1085 (Memorandum Decision), quoting State v. Cromlish (Sept. 1, 1994), Franklin App. No. 94APA06-855. The decision to grant or deny a motion for leave to appeal pursuant to App.R. 5(A) rests within the sound discretion of the court of appeals. Id., citing State v. Fisher (1988),35 Ohio St.3d 22, 26.
 {¶ 3} Defendant seeks leave to appeal from five separate judgment entries of conviction and sentence entered by the Franklin County Court of Common Pleas on August 10, 1999. In those judgment entries, the trial court accepted defendant's guilty pleas to a number of criminal offenses and sentenced him accordingly. Defendant did not file a direct appeal from those judgments. More than five years later, defendant now seeks leave to appeal his convictions and sentence. He claims that his failure to file a direct appeal was due to his lack of knowledge that an appeal had to be filed within 30 days. This explanation does not warrant the grant of a delayed appeal. A defendant's claim of limited legal knowledge is insufficient to justify the failure of a timely notice of appeal.State v. Wilson (July 15, 2004), Franklin App. No. 04AP-585 (Memorandum Decision); State v. Carroll (Sept. 9, 2003), Franklin App. No. 03AP-703 (Memorandum Decision). As the Supreme Court of Ohio has noted, "[l]ack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief." Id., quoting State v. Reddick (1995), 72 Ohio St.3d 88, 91 (dealing with application to reopen appeal).
 {¶ 4} Moreover, defendant fails to indicate how or when he discovered he had an appeal as of right. Nor does he attempt to explain why it took him more than five years to determine his rights. The five-plus-year delay in filing his motion for delayed appeal, without justifiable explanation, is unreasonable. Accordingly, defendant's App.R. 5(A) motion is denied.
Motion denied.
Brown, P.J., and French, J., concur.