DECISION
{¶ 1} On September 29, 2005, in these consolidated cases, defendant-appellant, Clifton Ellis a.k.a. Robert Berry, filed pro se motions for leave to file delayed appeals pursuant to App.R. 5(A). On October 7, 2005, plaintiff-appellee, the State of Ohio, filed motions to dismiss, based on appellant's previous filing of motions for leave to appeal his convictions below. For the following reasons, we deny appellant's motions for leave to file delayed appeals and find appellee's motions moot.
 {¶ 2} Appellant requests leave to appeal from two December 27, 2004 judgment entries of the Franklin County Court of Common Pleas, in which the court found appellant guilty of theft, in violation of R.C. 2913.02, a felony of the fifth degree, and possession of crack, in violation of R.C. 2925.11, a felony of the fifth degree, and sentenced appellant accordingly. Appellant previously filed motions for leave to file delayed appeals from such judgment entries on August 15, 2005, and this court denied the motions on October 11, 2005. See State v. Berry (Oct. 11, 2005), Franklin App. No. 05AP-848 (Memorandum Decision). In the motions to dismiss, which appellee filed before this court denied appellant's prior motions, appellee argues that the instant appeals constitute impermissible successive appeals.
 {¶ 3} App.R. 5(A) allows a criminal defendant to file a motion for leave to appeal after the expiration of the 30-day period provided by App.R. 4(A). In such a motion, the defendant must set forth the reasons for his or her failure to perfect an appeal as of right. The defendant has the burden of "demonstrating a reasonable explanation of the basis for failure to perfect a timely appeal." State v. Cromlish (Sept. 1, 1994), Franklin App. No. 94APA06-855. The decision to grant or deny a motion for leave to appeal rests within the sound discretion of the court of appeals. State v. Walden, Franklin App. No. 05AP-532, 2005-Ohio-3993, at ¶ 2.
 {¶ 4} This court recently considered and decided the merits of appellant's first motions for leave to file delayed appeals from his convictions below. We denied those motions based on appellant's failure to demonstrate a reasonable explanation of the basis for his failure to perfect timely appeals. Res judicata bars successive App.R. 5(A) motions when the appellate court has considered and decided the merits of a previous motion. State v. Williams, Franklin App. No. 04AP-405,2004-Ohio-3559, at ¶ 3, citing State v. Jones (Dec. 16, 1993), Franklin App. No. 93APA09-1261. Because we considered and denied the merits of appellant's previous motions for leave to file delayed appeals, res judicata bars appellant's current motions.
 {¶ 5} Even if we addressed the merits of appellant's current motions, we would find that appellant has again failed to offer a reasonable explanation for his failure to perfect timely appeals. The crux of appellant's explanation for failing to perfect timely appeals is that he was not informed and was unaware of his right to appeal the sentence imposed by the trial court. This explanation does not warrant the granting of a delayed appeal. A defendant's ignorance of the law does not automatically establish good cause for failure to timely appeal under App.R. 5(A). Walden at ¶ 3, citing State v. Reddick (1995),72 Ohio St.3d 88, 91. As the Supreme Court of Ohio has noted, "[l]ack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief."Reddick (affirming denial of application to re-open appeal). Appellant filed the instant motions nine months after the trial court's entries of judgment. The substantial lag in filing his motions for leave to file delayed appeals, without justifiable explanation, is unreasonable.
 {¶ 6} Accordingly, we deny appellant's motions for leave to file delayed appeals. Based on our denial of leave to file delayed appeals, we find appellee's motions to dismiss moot.
Motions for leave to file delayed appeals denied; motions to dismissmoot.
Bryant and Travis, JJ., concur.