DECISION
{¶ 1} On September 12, 2005, defendant-appellant, David A. Wilbur, filed pro se motions for leave to appeal pursuant to App.R. 5(A) in these two cases, as well as motions for the appointment of counsel, to proceed in forma pauperis, and for the production of a transcript at the state's expense. Plaintiff-appellee, the State of Ohio, has filed a memorandum in opposition to defendant's motions. For the following reasons, we deny defendant's motions.
 {¶ 2} App.R. 5(A) allows a criminal defendant to file a motion for leave to appeal after the expiration of the 30-day period provided by App.R. 4(A). Such a motion must set forth the reasons for the failure of the defendant to perfect an appeal as of right. Defendant has the burden of "demonstrating a reasonable explanation of the basis for failure to perfect a timely appeal." State v. Padgitt (Nov. 2, 1999), Franklin App. No. 99AP-1085 (Memorandum Decision), quoting State v. Cromlish (Sept. 1, 1994), Franklin App. No. 94APA06-855. The decision to grant or deny a motion for leave to appeal pursuant to App.R. 5(A) rests within the sound discretion of the court of appeals. Id., citing State v. Fisher (1988),35 Ohio St.3d 22, 26.
 {¶ 3} Defendant seeks leave to appeal from judgment entries of conviction and sentence imposed by the Franklin County Court of Common Pleas on July 23, 2004 in case Nos. 04CR-01-79 and 04CR-04-2757. In case No. 04CR-01-79, defendant pled guilty to and was convicted of three counts of robbery and six counts of aggravated robbery. The State and defendant's attorney jointly recommended a 16-year prison sentence for those convictions. The trial court accepted that recommendation and sentenced appellant to a total prison term of 16 years. In case No. 04CR-04-2757, appellant pled guilty to one count of possession of marijuana. The trial court imposed a ten-month sentence for that conviction but ordered that sentence to be served concurrently with the 16-year sentence imposed in case No. 04CR-01-79. Defendant did not appeal from these judgments. He now claims that he failed to timely file an appeal because the trial court failed to inform him of his statutory right to appeal and failed to appoint him counsel for an appeal.
 {¶ 4} Defendant has failed to state a reasonable explanation for his failure to timely file an appeal. Defendant's contention that he was not represented by counsel after conviction is not sufficient, by itself, to constitute a reasonable explanation for his failure to file a timely appeal. State v. Ferrell (Dec. 2, 2003), Franklin App. No. 03AP-399, at ¶ 9. Defendant's claim that he was not advised of his right to appeal these judgments is also not persuasive. Id. at ¶ 10. A defendant's claim of limited legal knowledge is insufficient to justify the failure of a timely notice of appeal. State v. Wilson (July 15, 2004), Franklin App. No. 04AP-585 (Memorandum Decision); State v. Carroll (Sept. 9, 2003), Franklin App. No. 03AP-703 (Memorandum Decision). As the Supreme Court of Ohio has noted, "[l]ack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief." Id., quoting State v. Reddick (1995), 72 Ohio St.3d 88, 91
(dealing with application to reopen appeal). Additionally, defendant fails to explain the almost 14-month delay in filing these motions. He does not explain when or how he learned of his right to appeal and the steps he took to file an appeal upon discovering that right. State v.Evans (Sept. 19, 2002), Franklin App. No. 02AP-238 (Memorandum Decision).
 {¶ 5} Finally, defendant claims that an appeal of the trial court's sentence in case No. 04CR-01-79 is available to him pursuant to R.C.2953.08. We disagree. A sentence imposed upon a defendant is not subject to review if the sentence is authorized by law, has been jointly recommended by the defendant and the prosecution, and was imposed by the trial court. R.C. 2953.08(D); State v. McBride, Franklin App. No. 04AP-282, 2004-Ohio-6257, at ¶ 7-10. The trial court imposed sentences that were authorized by law and that were jointly recommended by the defendant's attorney and the prosecution. For those reasons, defendant's sentence is not even subject to appellate review under R.C. 2953.08.State v. Martin (Feb. 15, 2005), Franklin App. No. 04AP-1237, at ¶ 4 (Memorandum Decision).
 {¶ 6} For these reasons, defendant's App.R. 5(A) motions are denied. Accord-ingly, defendant's motions for the appointment of counsel, to proceed in forma pauperis, and for the production of a transcript at the state's expense are also denied.
Motions denied.
Petree and French, JJ., concur.