DECISION
{¶ 1} On November 28, 2005, defendant-appellant, D'Juan Poole, filed a motion for leave to appeal from the judgment of conviction and sentence imposed on August 24, 2004. The State of Ohio opposes the motion.
 {¶ 2} Appellant was indicted by the Franklin County Grand Jury on counts of attempted murder, felonious assault, kidnapping and two counts of endangering children. Appellant was accused of luring his former girlfriend and mother of his son to a deserted alley where he attacked and stabbed her with a knife multiple times. During the stabbing, the three-year-old son and a one-year-old child were seated in the car directly behind appellant and the victim. The victim received eight stab wounds to the head, face and torso.
 {¶ 3} The stabbings began inside the victim's car and continued as the victim fled into the alley. Appellant was still stabbing the victim when two people in a car came upon the scene. Discovered in the act, appellant fled. The victim identified appellant as her assailant. The three-year-old child, by then spattered with his mother's blood, also identified appellant, his father, as the one who stabbed his mother. Emergency surgery saved the victim's life.
 {¶ 4} While represented by counsel, appellant negotiated a plea bargain with the State. He entered a guilty plea to attempted murder, kidnapping and one count of child endangering. During the guilty plea hearing, the trial court carefully explained the various rights appellant would give up by entering a guilty plea. Appellant acknowledged his understanding of the waiver. Additionally, the court advised appellant that if he had any questions about anything that was taking place during the guilty plea proceedings, he should ask. Appellant stated that he understood. (Tr. 6-7.)
 {¶ 5} Appellant was sentenced to terms of six years for attempted murder, five years for kidnapping and two years for child endangering. The trial court ordered that all sentences were to be served consecutively for a total of 13 years imprisonment. The sentence was imposed on August 24, 2004. No appeal was taken from that judgment. Appellant's motion for leave to appeal was not filed until some 14 months later.
 {¶ 6} In a criminal case, after the time for the filing of an appeal as of right as provided for in App.R. 4 has passed, an appeal may only be taken by leave of the court to which the appeal is taken. In pertinent part, App.R. 5(A)(2) provides as follows:
A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to appeal as of right. * * *
 {¶ 7} The defendant bears the burden to demonstrate a reasonable explanation of the basis for his failure to perfect a timely appeal. State v. Walden, Franklin App. No. 05AP-532,2005-Ohio-3993, at ¶ 2. While a motion for leave to appeal need not set out any claim that error took place in the trial court, the moving party must demonstrate a reasonable explanation for the failure to appeal as of right.
 {¶ 8} Appellant avers in his affidavit that the trial court "informed me that I was giving up my right to appeal." (Affidavit, ¶ 4.) That is not entirely correct. The trial court actually advised appellant that his guilty plea would give up "your right to appeal any verdict or rulings made by this court prior to today." (Tr. 8.) The court did not advise appellant that he had no right of appeal from the guilty plea proceedings.
 {¶ 9} Moreover, the guilty plea form that appellant signed belies his current claim of ignorance of his appellate rights. As was done in open court, the guilty plea form clearly states that, by pleading guilty, appellant would give up his right "to appeal the verdict and rulings of the trial Court made before or during trial."
 {¶ 10} Appellant states "[m]y attorney led me to believe that I did not have a right to an appeal from my guilty plea." (Affidavit, ¶ 5.) However, three lines above appellant's signature, the guilty plea form clearly states: "I understand that I can appeal as a matter of rights from my plea and sentence within thirty days of the filing of my judgment of conviction."
 {¶ 11} Additionally, appellant has not adequately explained why it took him 14 months to conclude that he had a right to appeal or to seek leave from this court to appeal. Appellant states he was unaware of his right to appeal from the guilty plea and sentence until he began conducting his own legal research in the prison law library. (Affidavit, ¶ 6.) However, appellant offers no explanation why he took 14 months to proceed. The Ohio Supreme Court has held that "[l]ack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief." State v. Reddick
(1995), 72 Ohio St.3d 88, 91 (involving an application to reopen an appeal under App.R. 26). Although decided under App.R. 26, this guiding principle applies to motions for delayed appeal under App.R. 5(A) as well. State v. Wilbur, Franklin App. No. 05AP-960, 2005-Ohio-6213; State v. Morris, Franklin App. No. 05AP-1139, 2005-Ohio-6479; Walden, supra, at ¶ 3.
 {¶ 12} Appellant has failed to meet his burden to demonstrate a reasonable explanation for his failure to perfect a timely appeal as of right. Therefore, appellant's motion for leave to appeal is denied.
Motion for leave to appeal denied.
Brown and McGrath, JJ., concur.