DECISION
{¶ 1} Defendant-appellant, Dewayne D. Lewis, seeks leave to file a delayed appeal from the judgment of conviction and sentence imposed by the Franklin County Court of Common Pleas on May 4, 2004 and journalized on May 6, 2004. The State of Ohio opposes the motion.
 {¶ 2} Appellant was charged by indictment with one count of kidnapping, R.C. 2905.01, a felony of the first degree and one count of extortion, R.C. 2905.11, a felony of the third degree. A felony of the first degree is subject to a prison sentence of between three and ten years. A felony of the third degree is subject to a prison sentence of up to five years. A term of imprisonment is presumed to be the appropriate sentence for a felony of the first degree. R.C. 2929.13(D).
 {¶ 3} On May 4, 2004, while represented by counsel, appellant entered into a plea bargain in which he pled guilty to the kidnapping charge as a felony of the first degree. In return for appellant's guilty plea to kidnapping, a nolle prosequi to the extortion charge was entered. Additionally, the parties agreed to recommend to the court that appellant receive a four-year prison sentence to be served concurrently with prison sentences imposed in appellant's two other cases: case Nos. 04CR-2246 and 03CR-2602. The trial court accepted the guilty plea and imposed the four-year concurrent sentence recommended by the parties.
 {¶ 4} Despite having agreed to a sentence of four years in prison, on May 16, 2005, appellant filed a motion for judicial release. The state opposed the motion, noting that appellant had negotiated a four-year sentence and was also serving sentences on two other cases. On July 5, 2005, the trial court denied the motion.
 {¶ 5} In a criminal case, after the time for a direct appeal has expired, an appeal may be taken only by leave of the court of appeals. App.R. 5(A) governs delayed appeals. A defendant seeking leave to appeal under App.R. 5(A) bears the burden to demonstrate a reasonable explanation for the failure to perfect a timely appeal. While a motion for leave to appeal need not set out any claim that error took place in the trial court, the moving party must demonstrate a reasonable explanation for the failure to appeal as of right. State v. Poole, Franklin App. No. 05AP-1266, 2006-Ohio-210.
 {¶ 6} Appellant states that he failed to file a direct appeal from his four-year sentence because he was unaware that he was entitled to be sentenced to the shortest possible prison term of three years until the Supreme Court of Ohio decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Foster was decided on February 27, 2006. Appellant interprets Foster to require a court to impose the shortest term of imprisonment. Appellant is mistaken.
 {¶ 7} Foster did not hold that a defendant is entitled to receive the shortest sentence authorized under Ohio law. Instead,Foster applied Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, to the Ohio sentencing statutes and held that a defendant has a Sixth Amendment right to have a jury determine facts that determine the length of sentence that may be imposed. Although the Supreme Court of Ohio struck the fact-finding portion of the sentencing statutes, the remainder of the sentencing provisions survived intact, including the full range of possible sentences authorized by the legislature. Therefore, post-Foster, a sentencing court is free to impose any sentence from the statutory range of punishment. The court is not required to impose the shortest authorized sentence.
 {¶ 8} The Foster decision did not announce a new constitutional right. Foster simply applied existing decisions of the United States Supreme Court to Ohio statutes. Any claim appellant may assert under Foster is actually based upon theApprendi and Blakely decisions. Apprendi was decided in 2000, long before appellant entered his guilty plea and was sentenced. Blakely, however, was not decided until June 24, 2004, after appellant entered his guilty plea and was sentenced. Therefore, appellant could not have raised a claim based onBlakely at the time he entered his negotiated guilty plea.
 {¶ 9} However, appellant offers no explanation of why he did not raise a Blakely claim during the 21 months between the announcement of the Blakely decision on June 24, 2004 and appellant's motion for leave to appeal which was not filed until April 6, 2006. This unexplained delay militates against granting a delayed appeal.
 {¶ 10} Furthermore, even if appellant had a claim underFoster, that decision applies only to cases pending on direct appeal at the time the decision was announced. Foster, at ¶ 32, 104-105. Appellant did not appeal his conviction and sentence. Therefore, the conviction and sentence had become final long before Foster was announced. Appellant's attempt to file a delayed appeal does not change that fact. Delayed appeal is not the same as direct appeal. State v. Bird (2000),138 Ohio App.3d 400. Because appellant's case was final before Foster
was decided, Foster cannot be a basis to vacate the judgment of the trial court.
 {¶ 11} Appellant also states that he did not appeal earlier because he expected to be granted judicial release as part of his plea bargain. The hope or expectation that judicial release may be granted does not explain why appellant did not raise hisBlakely claim in a timely fashion. If the sentence was illegal as appellant claims, appellant should have raised that issue in a timely fashion after Blakely was decided. Moreover, appellant does not explain why he waited an additional nine months after his motion for judicial release was denied before filing the current motion for delayed appeal.
 {¶ 12} While appellant has failed to meet the requirements of either App.R. 4(A) or 5(A), we note that direct and delayed appeals are not the only remedies available to a defendant who claims that he was deprived of a constitutional right. Ohio provides a statutory framework in which constitutional claims may be raised. Constitutional issues may be raised in a collateral attack upon a conviction in a proceeding for post-conviction relief under R.C. 2953.21. However, a petitioner must meet the timeliness requirements of R.C. 2953.21(A)(2) and 2953.23. We express no opinion on whether appellant may have a constitutional claim or whether a petition for post-conviction relief at this point would be timely under R.C. 2953.21(A)(2) and 2953.23.
 {¶ 13} In summary, appellant has failed to offer a reasonable explanation for his delay in seeking leave to appeal hisBlakely claim or for his delay in seeking leave to appeal from the denial of his motion for judicial release. The failure to provide a reasonable explanation for the delays is fatal to appellant's motion for leave to file a delayed appeal under App.R. 5(A). Therefore, the motion for leave to appeal is denied.
Motion for leave to appeal denied.
Brown and McGrath, JJ., concur.