OPINION
{¶ 1} Appellant, William J. Silsby, appeals from the October 19, 2005 judgment entry of the Geauga County Court of Common Pleas, in which he was sentenced for obstructing official business.
 {¶ 2} On October 19, 2004, appellant was indicted by the Geauga County Grand Jury on two counts: count one, domestic violence, a felony of the third degree, in *Page 2 
violation of R.C. 2919.25(A); and count two, obstructing official business, a felony of the fifth degree, in violation of R.C. 2921.31(A). Appellant pleaded not guilty at his arraignment on January 25, 2005.
 {¶ 3} On October 6, 2005, the trial court held a joint change of plea and sentencing hearing. Appellant withdrew his former not guilty plea, and pleaded guilty to count two, obstructing official business, a felony of the fifth degree, in violation of R.C. 2921.31(A). The trial court accepted appellant's guilty plea with respect to count two, and dismissed count one.
 {¶ 4} Pursuant to its October 19, 2005 judgment entry, the trial court sentenced appellant to twelve months in prison, to be served consecutively with an existing sentence from Lake County, Ohio, Case No. 04 CR 000793, and placed him on post release control for a period of up to three years.[1] It is from that judgment that appellant filed the instant appeal and raises the following three assignments of error:[2]
 {¶ 5} "[1.] The trial court erred when it sentenced appellant to the maximum *Page 3 
sentence and consecutive sentences based upon findings of facts not found by a jury or admitted by the appellant in violation of appellant's federal and state constitutional rights to trial by jury.
 {¶ 6} "[2.] The trial court's sentence of appellant to the maximum sentence and a consecutive sentence was contrary to law.
 {¶ 7} "[3.] The trial court denied appellant due process of law when it imposed a maximum and consecutive sentence which was not agreed to by appellant and the state in the plea agreement."
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred when it sentenced him to the maximum and consecutive sentences based upon facts not found by a jury or admitted by him in violation of his federal and state constitutional rights to trial by jury.
 {¶ 9} We note that the sentencing guidelines at issue have recently been addressed by this court in State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011.[3] In Elswick, at ¶ 49, quoting State v.Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 54-57, we stated:
 {¶ 10} "`* * * appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. Cincinnati v. Clardy (1978),57 Ohio App.2d 153 * * * (* * *). An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant.Woosley v. United States (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence *Page 4 
on a mechanical, predetermined or policy basis is subject to review.Woosley, supra, at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's (sic) can reverse the sentence. Woosley, supra, at 147. * * *'"
 {¶ 11} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraphs one and three of the syllabus, the Supreme Court of Ohio held that R.C. 2929.14(C) and R.C. 2929.14(E)(4) are unconstitutional for violating the Sixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000),530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296. Further, pursuant to United States v. Booker (2005), 543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C. 2929.14(C) and R.C. 2929.14(E)(4). After severance, judicial factfinding is not required before imposing maximum or consecutive sentences. Foster at paragraphs two and four of the syllabus. A trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 12} The Foster decision did not announce a new constitutional right. Foster simply applied existing decisions of the United States Supreme Court to Ohio statutes. Any claim appellant may assert underFoster is actually based upon the Apprendi and Blakely decisions.Apprendi was decided in 2000, long before appellant entered his guilty plea and was sentenced. Blakely was decided on June 24, 2004, also before *Page 5 
appellant entered his guilty plea and was sentenced. Therefore, appellant could have raised a claim based on Blakely at the time he entered his negotiated guilty plea.
 {¶ 13} "When a sentence is deemed void, the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing." Id. at ¶ 103. However, the remedy of vacating a sentence following the Foster decision applies only to those cases pending on direct review. Id. at ¶ 104.
 {¶ 14} Here, appellant's case was not pending on direct review at the time of the Foster decision, which was decided on February 27, 2006. Appellant's August 2, 2006 filing of his delayed appeal, does not change the fact that the conviction and sentence had become final long beforeFoster was announced. "Delayed appeal is not the same as direct appeal."State v. Lewis, 10th Dist. No. 06AP-327, 2006-Ohio-2752, at ¶ 10, citingState v. Bird (2000), 138 Ohio App.3d 400. "Because appellant's case was final before Foster was decided, Foster cannot be a basis to vacate the judgment of the trial court." Lewis at ¶ 10.
 {¶ 15} Appellant's first assignment of error is without merit.
 {¶ 16} In his second assignment of error, appellant contends that his sentence is contrary to law. He asserts three issues for our review. In his first issue, appellant alleges that the trial court erred in sentencing him to the maximum sentence for a single fifth degree felony because the evidence presented does not prove that he poses the greatest likelihood of committing future crimes. In his second issue, appellant stresses that the trial court erred in sentencing him to a consecutive sentence because it failed to consider the factor that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the *Page 6 
public. In his third issue, appellant maintains that a maximum twelve month sentence and a consecutive sentence is contrary to law since he pleaded guilty to a fifth degree felony and is already serving a sentence for other crimes.
 {¶ 17} Because appellant's three issues are interrelated, we will address them together.
 {¶ 18} On examining a felony sentence, an appellate court conducts a de novo review. R.C. 2953.08(G). However, "`[a] reviewing court will not disturb a defendant's sentence absent a finding, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law.'" State v. Bush, 11th Dist. No. 2005-P-0004, 2006-Ohio-4038, at ¶ 49, quoting State v. Lloyd, 11th Dist. No. 2002-L-069, 2003-Ohio-6417, at ¶ 6.
 {¶ 19} As indicated in appellant's first assignment of error, a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences.Foster, supra, at paragraph seven of the syllabus. However, appellant's case was not pending on direct review at the time of the Foster
decision. Again, his conviction and sentence had become final long before Foster was announced. Accordingly, the trial court was required to make the requisite findings before imposing sentence on October 19, 2005.
 {¶ 20} At the sentencing hearing, the trial court stated the following:
 {¶ 21} "I do find that the Domestic Violence and the Obstructing Official Business charges, and only addressing the plea on the Obstructing Official Business, occurred prior to the incidents leading on the Lake County sentence. I do find that [appellant] has served prior prison sentences. I find that the crime was committed while [appellant] was *Page 7 
subject to community control sanctions. I do find that [appellant] does pose the greatest likelihood of committing future crimes. I do find that a consecutive sentence is necessary to protect the public. And referring again to the fact that this crime was committed while he was on probation/community control. And [appellant's] career criminal history shows that a consecutive sentence is necessary to protect the public.
 {¶ 22} "For reasons: [Appellant] in the Court's opinion has demonstrated a history of causing injuries to people. He's demonstrated a history of failing to comply with probation sanctions, community control sanctions, and the law. He's unable to control his own behavior.
 {¶ 23} "Consequently, I am sentencing [appellant] to 12 months in prison; that sentence is consecutive to the sentence in Lake County. * * *"
 {¶ 24} In addition, the trial court made a similar pronouncement in its October 19, 2005 judgment entry. The trial court stated that it made the following findings:
 {¶ 25} "a. The Court finds that [appellant] committed this crime prior to the incidents leading to the Lake County sentence.
 {¶ 26} "b. The Court finds that [appellant] has served a prior prison sentence.
 {¶ 27} "c. The Court finds that [appellant's] conduct presents the greatest likelihood of committing future crimes.
 {¶ 28} "d. The Court further finds that [appellant] committed this crime while on community control.
 {¶ 29} "e. The Court further finds that a consecutive sentence is necessary to protect the public. [Appellant] has demonstrated a history of causing injuries to people. *Page 8 
 {¶ 30} "f. The Court further finds that [appellant's] conduct presents the greatest likelihood of committing future crimes.
 {¶ 31} "g. The Court finds that [appellant] has a history of failure to comply with probation's sanctions, community control sanctions, and the law.
 {¶ 32} "h. [Appellant] is unable to control his behavior."
 {¶ 33} The trial court further indicated in its sentencing order that it considered the record, information presented by or on behalf of appellant, the prosecuting attorney, appellant's ability to pay financial sanctions, and any victim impact statement(s), as well as the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 34} Based on the foregoing, we conclude that the trial court properly sentenced appellant on October 19, 2005, pursuant to R.C. 2929.14(C) and R.C. 2929.14(E)(4).
 {¶ 35} Appellant's second assignment of error is without merit.
 {¶ 36} In his third assignment of error, appellant alleges that the trial court denied him due process of law when it imposed a maximum sentence for a fifth degree felony and a consecutive sentence which was not agreed to by him and appellee, the state of Ohio, in the plea agreement.
 {¶ 37} Appellant relies on State v. Patrick, 163 Ohio App.3d 666,2005-Ohio-5332, for the proposition that a sentence is void if a trial court imposes a different sentence than that agreed on by a defendant and the state. In Patrick, the trial court acknowledged on the record its adoption of the plea agreement and sentencing recommendation prior to taking the plea. Id. at ¶ 12, 24. The Eighth District noted that *Page 9 
when a defendant is promised a sentence prior to a plea and then receives a different sentence, that sentence is void. Id. at ¶ 26, citing State v. Adams (May 22, 1997), 8th Dist. No. 70045, 1997 Ohio App. LEXIS 2215. The Eighth District further indicated that "[w]hile it is true that a trial court may accept or reject an agreed upon sentence, if a defendant and his attorney reached an agreement with the prosecutor and the trial court then accepted this agreement on the record, to impose anything other than the agreed upon sentence renders it void or voidable." Id. at ¶ 26.
 {¶ 38} Appellant's reliance on Patrick is misplaced with respect to the facts in the instant matter. The trial court here never accepted the recommended sentence or indicated acceptance of that sentence on the record. The signed plea agreement specifies that appellee recommended a concurrent sentence, but that the judge is not bound by the terms of the plea agreement and may choose to accept or reject the agreement as he sees fit. In addition, at the sentencing hearing, the trial judge put appellant on notice, prior to the plea, that he was not bound by the plea agreement. The trial judge advised appellant that it was up to him, as the judge, to determine whether the sentence would run concurrent or consecutive. Appellant indicated that he understood.
 {¶ 39} Appellant's third assignment of error is without merit.
 {¶ 40} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] In the Lake County case, appellant was sentenced on September 29, 2005, to ten years for attempted murder, four years for having weapons while under disability, and one year for grand theft of a motor vehicle, to be served consecutively. The trial court also imposed an additional mandatory term of three years for a firearm specification with respect to the attempted murder count, to be served prior to and consecutive to the foregoing prison term. Thus, appellant was sentenced to a total prison term of eighteen years in the Lake County case. On October 27, 2005, in Case No. 2005-L-180, appellant filed a timely notice of appeal with this court. On October 20, 2006, we vacated appellant's sentence and reversed and remanded the matter to the trial court for resentencing and further proceedings consistent with State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. State v. Silsby, 11th Dist. No. 2005-L-180,2006-Ohio-5500, at ¶ 17.
[2] Appellant filed a motion for leave to file a delayed appeal pursuant to App. R. 5(A). Along with the motion, appellant filed his notice of appeal on August 2, 2006, almost nine months beyond the thirty-day requirement in App. R. 4(A). Appellant asserted the following: his trial counsel indicated that he would speak to the public defender's office and have someone file an appeal on his behalf; he did not receive anything in the mail about his appeal; he sent several letters to his trial attorney requesting certain information and did not receive anything from him since July 24, 2006; and he is not a lawyer and does not have any knowledge of the appellate process. No brief or memorandum in opposition was filed. Pursuant to this court's November 2, 2006 judgment entry, we determined that appellant satisfied the requirements of App. R. 5(A), and granted his motion for leave to file a delayed appeal.
[3] In Elswick, the appeal dealt with more than the minimum sentences. However, the same analysis applies to maximum and consecutive sentences. *Page 1