DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas, which sentenced defendant-appellant, Ronald P. French, to maximum consecutive terms of incarceration after French entered guilty pleas to one count of gross sexual imposition, a third degree felony, and one count of rape, a first degree felony. French now challenges his sentences through the following assignment of error: *Page 2 
 {¶ 2} "The appellant's sentencing should be vacated because the same was based upon unconstitutional findings made by the trial court in violation of State v. Foster (2006), 109 St.3d [sic] 1."
 {¶ 3} In Foster, the Supreme Court of Ohio held that R.C. 2929.14(B), (C) and (E) violate the Sixth Amendment to the United States Constitution pursuant to Blakely v. Washington (2004), 542 U.S. 296, andApprendi v. New Jersey (2000), 530 U.S. 466. At the sentencing hearing below, the lower court relied on R.C. 2929.14(B) and (C) in imposing, respectively, greater than minimum and maximum sentences on appellant. Similarly, the court relied on R.C. 2929.14(E) in ordering the sentences to run consecutively. In Foster, the court reviewed four separate cases and held that those sentences that were imposed based on these unconstitutional statutes were void. The court then noted that "[w]hen a sentence is deemed void, the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing." Id. at ¶ 103. The court, however, limited its holding to the cases before it and "those pending on direct review[.]" Id. at ¶ 104.
 {¶ 4} In the present case, appellant was sentenced on October 21, 2005. He did not initially appeal that judgment and his case was not pending on direct review when the Supreme Court of Ohio released its decision in Foster on February 27, 2006. Rather, appellant filed a motion for delayed appeal on July 28, 2006. "Delayed appeal is not [universally] the same as direct appeal. State v. Bird (2000),138 Ohio App.3d 400. Because appellant's case was final before Foster was decided, Foster cannot be a basis to *Page 3 
vacate the judgment of the trial court." State v. Lewis, 10th Dist. No. 05AP-327, 2006-Ohio-2752, ¶ 10. See, also, State v. Silsby, 11th Dist. No. 2006-G-2725, 2007-Ohio-2308. The sole assignment of error is therefore not well-taken.
 {¶ 5} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1