OPINION
{¶ 1} Appellant, Christopher Mack, appeals from a judgment entry of the Portage County Court of Common Pleas, denying his motion for a new sentencing hearing. For the reasons that follow, we affirm.
 {¶ 2} On July 18, 2002, appellant was indicted on one count of aggravated burglary, a felony of the first degree, in violation of R.C.2911.11(A)(2), with a firearm specification. On June 10, 2003, appellant pled guilty to the aggravated burglary charge, without the firearm specification. On July 21, 2003, appellant filed a motion to withdraw his guilty plea. Following a hearing on the motion, the trial court denied his *Page 2 
pre-sentence motion to withdraw his guilty plea. On October 27, 2003, the trial court sentenced appellant to a five-year prison term. Appellant did not file a direct appeal of his sentence. Instead, on June 24, 2004, appellant filed a pro se motion for reduction of sentence, which the trial court denied.
 {¶ 3} On March 9, 2005, appellant filed another motion to withdraw his guilty plea, which the trial court also denied. On appeal, we affirmed the trial court's denial of appellant's motion to withdraw the plea.State v. Mack, 11th Dist. No. 2005-P-0033, 2006-Ohio-1694.
 {¶ 4} Subsequently, on August 7, 2006, appellant again filed a motion for a new sentencing hearing, which the trial court denied. Appellant filed the instant appeal pro se, raising one assignment of error:
 {¶ 5} "The trial court erred to sentence appellant to more than the minimum term authorized under R.C. § 2929.14(A) in violation of appellant's Sixth Amendment rights protected by the state and federal constitution."
 {¶ 6} Appellant asks this court to review his sentence based upon the Supreme Court of Ohio's pronouncement in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, which found that Ohio's sentencing statute was unconstitutional to the extent it required judicial fact finding and which excised certain portions of the statute. Essentially, appellant argues that he should not have been sentenced to more than the minimum sentence for the crime to which he pled guilty and that the five year sentence he received was, consequently, deficient under Foster.
 {¶ 7} Appellant's argument lacks merit. In Foster, the court made it clear that the only cases to be remanded for review for resentencing were those cases that were "pending on direct review." Foster at ¶ 104.Foster was decided on February 27, 2006. *Page 3 
In this case, the trial court sentenced appellant over two years prior to the date Foster was decided, on October 27, 2003. Consequently, appellant's case was not pending on direct review at the timeFoster was decided. In fact, his conviction and sentence had been final long before Foster was handed down. We have previously held that a "[d]elayed appeal is not the same as direct appeal." State v.Silsby, 11th Dist. No. 2006-G-2725, 2007-Ohio-2308, at ¶ 14, citingState v. Lewis, 10th Dist. No. 06AP-327, 2006-Ohio-2752, at ¶ 10. Consequently, "[b]ecause appellant's case was final beforeFoster was decided, Foster cannot be a basis to vacate the judgment of the trial court." Id.
 {¶ 8} Moreover, even if appellant's sentence could be reviewed underFoster, appellant was not per se entitled to the minimum sentence, as he suggests. "Foster did not hold that a defendant is entitled to receive the shortest sentence authorized under Ohio law." Lewis at ¶ 7. Rather, "post-Foster, a sentencing court is free to impose any sentence from the statutory range of punishment. The court is not required to impose the shortest authorized sentence." Id.
 {¶ 9} Because appellant's case was not pending on direct review at the time Foster was decided, Foster does not apply to this case and reversal and remand is not required as appellant suggests. Appellant's assignment of error is overruled.
 {¶ 10} The judgment of the Portage County Court of Common Pleas is affirmed.
 CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur. *Page 1