[Cite as *State v. Houston*, 2019-Ohio-1479.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case No. 28330 |
| | : | |
| *Plaintiff-Appellee* | : | |
| | : | Trial Court Case No. 2013 CR 01939 |
| v. | : | |
| | : | |
| MONTRAE D. HOUSTON | : | [Criminal Appeal from |
| | : | Common Pleas Court] |
| *Defendant-Appellant* | : | |

_____

## CORRECTED[1] DECISION AND FINAL JUDGMENT ENTRY
April 15, 2019

_____

PER CURIAM:

{¶ 1}  In 2013, Montrae D. Houston pled guilty to aggravated robbery and felonious assault and was sentenced to "a total mandatory sentence of nine (9) years" in prison.  He did not file a direct appeal of his conviction and sentence at that time.

{¶ 2}  On October 30, 2018, Houston filed a motion for leave to file a delayed direct appeal from the trial court's October 28, 2013 "Amended Termination Entry."  In his motion, Houston argued that both his trial counsel and the trial court failed to notify him of his

_____

[1] This Decision and Final Judgment Entry was inadvertently filed in the wrong case on April 11, 2019, and has been amended here only to reflect the correct case number.

appellate rights under Crim.R. 32(B). This court overruled his motion and dismissed the appeal, saying:

> The judgment entry in this case notes that "[t]he Court did fully explain to defendant HIS appellate rights and the defendant informed the Court that said rights were understood." The record also contains an "Entry Acknowledging Understanding of Right to Appeal," filed September 20, 2013, which is signed by Houston and his attorney. Houston has given no other reason to justify the five-year delay in filing his motion.

*State v. Houston*, 2d Dist. Montgomery No. 28189 (Dec. 5, 2018). Houston did not appeal our decision to the Supreme Court of Ohio.

{¶ 3} On March 13, 2019, Houston filed a notice of appeal and a second motion for leave to file a delayed direct appeal, instituting the current appeal. He says: "In the instant motion for a delayed appeal, Appellant asserts the same argument that he was not informed of his appellate rights." Houston explains that his trial counsel failed to explain the procedure and time frame to file an appeal. He admits signing the "Entry Acknowledging Understanding of Right to Appeal," but says that he did so "without the benefit of trial counsel explaining those rights." He emphasizes that no one told him he had 30 days to file and argues that there is a difference between being "informed" of his rights, and having them "explained" to him.

{¶ 4} The State of Ohio opposes a delayed appeal. It directs this court to *State v. Ellis,* in which the Tenth District Court of Appeals rejected an appellant's argument that he "was not informed and was unaware of his right to appeal" as "not warrant[ing] the granting of a delayed appeal." *State v. Ellis*, 10th Dist. Franklin No. 05AP-1048, 2005-Ohio-6059, ¶

5.  This court has held similarly.  *See, e.g., State v. Sibrian*, 2d Dist. Montgomery No. 28084 (Aug. 29, 2018) (denying a delayed appeal where appellant "offer[ed] no reason, beyond lack of knowledge, to justify his year-long wait after he discovered counsel did not [file his appeal]").

**{¶ 5}** *Ellis* also describes a separate issue that bars relief in this case.  That court held that a second, successive motion for leave to file a delayed appeal was barred by res judicata:

> This court recently considered and decided the merits of appellant's first motions for leave to file delayed appeals from his convictions below. We denied those motions based on appellant's failure to demonstrate a reasonable explanation of the basis for his failure to perfect timely appeals. Res judicata bars successive App.R. 5(A) motions when the appellate court has considered and decided the merits of a previous motion. *State v. Williams,* Franklin App. No. 04AP-405, 2004-Ohio-3559, at ¶ 3, citing *State v. Jones* (Dec. 16, 1993), Franklin App. No. 93APA09-1261. Because we considered and denied the merits of appellant's previous motions for leave to file delayed appeals, res judicata bars appellant's current motions.

*Ellis* at ¶ 4.  *See also State v. Mackey*, 4th Dist. Scioto No. 14CA3645, 2014-Ohio-5372, ¶ 8 (noting that the court had "denied Mackey's second motion for leave to appeal his conviction and sentence [because] res judicata barred his successive motion for delayed appeal").

**{¶ 6}** In this case, Houston notes that he "asserts the same argument that he was not informed of his appellate rights" that he made in his previous appeal.  His arguments

here contain more information and attempt to address the reasons this court denied his first delayed appeal motion, but he is asking this court to make a different decision on the same issue he already raised. We have already decided this issue, and he did not challenge our decision. We hold that where an appellant has already raised, and this court has already overruled, a motion for leave to file a delayed appeal on the merits, res judicata bars a second or successive motion made on the same grounds.

{¶ 7} We acknowledge that not all districts follow this approach. *See, e.g., State v. Morrissey*, 8th Dist. Cuyahoga No. 77179, 2000 WL 1876406, *2 (Dec. 18, 2000) (finding that App.R. 5(A) does not limit the number of delayed appeal motions an appellant can file); *but see Morrissey* at *4 (O'Donnell, P.J., dissenting) (opining that appeal was improvidently allowed because App.R. 5(A) does not provide for successive delayed appeal motions). However, in the absence of Supreme Court authority on the subject or a compelling reason to hold to the contrary, we conclude that a straightforward application of the doctrine of res judicata prevents an appellant from making the same arguments in a second or successive motion for leave to file a delayed appeal.

{¶ 8} The motion for delayed appeal before us is OVERRULED. This appeal, Montgomery Appellate Case No. 28330, is DISMISSED.

{¶ 9} Pursuant to Ohio App.R. 30(A), it is hereby ordered that the Clerk of the Montgomery County Court of Appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the mailing. Costs taxed pursuant to App.R. 24.

SO ORDERED.

_____
MARY E. DONOVAN, Judge

_____

MICHAEL T. HALL, Judge


_____

MICHAEL L. TUCKER, Judge

Copies to:

Montrae Houston (#688-950)
Lebanon Correctional Institution (LECI)
P.O. Box 56
Lebanon, Ohio  45036
Appellant

Sarah Hutnik
301 W. Third Street, 5th Floor
Dayton, Ohio  45422
Attorney for Appellee

Hon. Steven K. Dankof
Montgomery County Common Pleas Court
41 N. Perry Street
Dayton, Ohio  45422

CA3/KY