The STATE of Ohio, Appellee,

v.

PATRICK, Appellant.

[Cite as State v. Patrick, 163 Ohio App.3d 666, 2005-Ohio-5332.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 84963.

Decided Oct. 6, 2005.

Mary Eileen Kilbane, Judge.

{¶ 1} Alonzo Patrick appeals the trial court's judgment accepting his guilty plea to two counts of aggravated burglary and one count of failure to comply. He claims that his plea was not knowingly, intelligently, and voluntarily made and that the court erred in imposing a sentence other than the previously agreed upon sentence. He additionally claims error in the trial court's refusal to allow the withdrawal of his plea and in failing to conduct an evidentiary hearing. We

affirm the judgment in part, vacate the sentence, and remand the cause for resentencing.

{¶ 2} The record reveals that in late December 2003, Patrick entered the Beachwood apartment of Jacqueline Tate and demanded money from Tate and her guest, Jimmy Mitchell. When Tate told Patrick that there was no money in the apartment but that there was money in their truck outside, Patrick then forced the pair outside at gunpoint, took the keys to their truck, and drove off. The couple called 911, and Beachwood police were dispatched.

{¶ 3} The police saw the truck at the intersection of Richmond and Cedar Roads. The police activated the patrol car's lights and siren and attempted to stop the truck. Patrick refused to stop and continued to weave in and out of traffic, his speed fluctuating with traffic conditions. The officers chased Patrick from I–271 South to I–480 West toward Route 91. When Patrick failed to stop despite this lengthy chase, the police set up an obstacle trap in Twinsburg by placing spikes on the road to puncture the tires when Patrick passed.

{¶ 4} The truck hit the spikes and continued on I–480. The truck eventually pulled to the right side of the highway, but when the tires blew, the truck went down an embankment. The truck crashed into the brush and stopped, but Patrick then fled on foot into a wooded area. Twinsburg police, Oakwood police, Bedford Police, Aurora Police, Hudson Police, and a Summit County Sheriff's Officer responded to assist in the search, and after a five-mile foot chase, they finally apprehended Patrick. A search of the wooded area and the stolen truck led police to discover approximately $114,000 in cash, a loaded handgun with additional rounds of ammunition, and diamond earrings valued at $20,000.

{¶ 5} In January 2004, Patrick was indicted on the following nine counts: counts one and two charged aggravated burglary in violation of R.C. 2911.11, both with one- and three-year firearm specifications, in violation of R.C. 2941.141 and R.C. 2941.145, a notice of prior conviction under R.C. 2929.13, and a repeat-violent-offender specification under R.C. 2929.01; counts three and four charged kidnapping in violation of R.C. 2905.01, and both included one- and three-year firearm specifications, a notice of prior conviction and a repeat-violent-offender specification; count five charged grand theft in violation of R.C. 2913.02, counts six and seven charged failure to comply with order or signal of a police officer in violation of R.C. 2921.331; and counts eight and nine charged having a weapon under disability in violation of R.C. 2923.13.

{¶ 6} Following plea negotiations with the state, Patrick agreed to plead guilty to two counts of aggravated burglary with a one-year firearm specification, with the time for the specification to run consecutively to the time for the underlying charge, and one count of failure to comply. The agreed-upon aggregate sentence was not to exceed five years.

{¶ 7} At sentencing, the trial court accepted Patrick's plea and sentenced him to three years on counts one and two, with the sentence to run consecutively to a one-year firearm specification, and two years on the count of failure to comply, with the sentence to run consecutively to counts one and two, for a total of six years.

{¶ 8} Following the hearing, Patrick filed a pro se motion to withdraw his guilty plea and requested an evidentiary hearing. Both requests were denied. Patrick now appeals in the assignments of error set forth in the appendix to this opinion. We address Patrick's assignments of error out of order for purposes of clarification.

{¶ 9} In his first assignment of error, Patrick claims that the trial court failed to sufficiently explain that he was pleading guilty to two separate counts of aggravated burglary.

{¶ 10} In accepting a guilty plea, a trial court is required to comply with the mandates of Crim.R. 11, which states:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such a plea of guilty or no contest without first addressing the defendant personally and doing all the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation * * *.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} The United States Supreme Court has held that when accepting a plea, a trial court is obligated to determine that an accused is knowingly, intelligently and voluntarily waiving his constitutional rights. *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. A trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses. *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph one of the syllabus. Substantial

compliance with Crim.R. 11 satisfies these constitutional requirements. *State v. Stewart* (1977), 51 Ohio St.2d 86, 88–89, 5 O.O.3d 52, 364 N.E.2d 1163.

{¶ 12} "Substantial compliance means that under the totality of circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. In *Stewart,* the court stated that "although it can validly be argued that the trial court should adhere scrupulously to the provisions of Crim.R. 11(C)(2) * * *, there must be some showing of prejudicial effect before a guilty plea may be vacated." Following a lengthy discussion on the record that outlined the offenses as amended, the possible sentences and fines, the consecutive nature of the offenses, and the parties' understanding regarding the negotiated sentence, the following discussion took place:

THE COURT: Sir, state your name, for the record.

THE DEFENDANT: Alonzo R. Patrick.

THE COURT: How old are you?

THE DEFENDANT: 42.

THE COURT: Are you a U.S. Citizen?

THE DEFENDANT: That's correct.

THE COURT: Are you on parole or probation?

THE DEFENDANT: No, sir.

THE COURT: Are you under the influence of any drugs, alcohol, or medication that would prevent you from understanding me?

THE DEFENDANT: No, sir.

THE COURT: Let me a[sic] apprise you of your constitutional rights. You have been indicted, but presumed innocent. You have the right to a jury trial or bench trial at which time the State has the burden of proving you guilty beyond a reasonable doubt. You have no burden of going forward. You have an excellent attorney, who is prepared to try this case, cross-examine your accusers, call witnesses and utilize the subpoena power [of] the court.

You have the right to testify or remain silent. If convicted, you have the right to appeal. By proceeding here today, you are waiving these rights, you are admitting culpability, eventually will be sentenced. We talked about this in chambers.

You will be sentenced to four years with the one year consecutive gun specification. There is no mystery here today. You are looking at a lot of time. Your attorney has done an excellent job getting these charges reduced, if not reduced further. We have discussed the ultimate outcome in chambers and placed this upon the record. It is the basis of the plea.

THE DEFENDANT: Yes.

{¶ 13} It is clear from this portion of the transcript that the trial court sufficiently advised Patrick of his rights and those rights that he would be waiving upon entering his plea. Further, the record reflects the following exchange regarding the plea itself:

THE COURT: Do you have any questions about what's going on today?

THE DEFENDANT: No, not at all.

THE COURT: Do you understand that it's an admission of your guilt, by pleading guilty to counts one, two and seven; do you understand that?

THE DEFENDANT: Yes, sir.

\* \* \*

THE COURT: How do you plead to count one as amended deleting the three year firearm specification and pleading guilty to aggravated burglary, F-one, with a year firearm specification; how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Same count in count two, so amended, how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: As to count seven, failure to comply with a lawful order or signal of a police officer, guilty or not guilty.

THE DEFENDANT: Guilty.

{¶ 14} The court then asked Patrick to explain the circumstances surrounding the car chase, as Patrick claimed that the police had arrived behind him when he was in the truck. The court expressed its surprise as to this explanation, and the following exchange took place:

THE COURT: You just plead[ed] guilty to aggravated burglary. You know that, don't you, twice? You know this, right? What are you looking at? Here you go with this Mr. Patrick, here you go.

\* \* \*

THE DEFENDANT: I thought it was just one, the one count.

THE COURT: No. Count one and count two.

THE DEFENDANT: I didn't understand. I thought it was just—

THE COURT: The failure to comply with a lawful order or signal of a police officer. I guess the police were chasing you and you wouldn't stop.

THE DEFENDANT: I understand.

{¶ 15} Although he now claims that his final expression of puzzlement over the charges renders his plea involuntary, a review of the entire transcript proves that

the trial court complied with the plea requirements. The trial court did everything necessary to ensure that Patrick was aware of the charges he was entering a plea to, and that he was fully advised of his rights prior to the court's acceptance'of this plea. He pleaded guilty to three separate crimes after being advised of his rights. Moreover, Patrick has failed to prove how he was prejudiced by any alleged error by the trial court.

{¶ 16} Patrick's first assignment of error lacks merit.

{¶ 17} In his fourth and fifth assignments of error, Patrick claims that the trial court erred in not allowing him to withdraw his guilty plea and in failing to hold an evidentiary hearing on this motion. As a preliminary matter, we note that the trial court did not journalize an order denying these motions. Patrick filed his pro se motions on June 23, 2004, and June 25, 2004. He then filed a notice of appeal on July 16, 2004, without a ruling from the trial court. A trial court's failure to rule on a motion will implicitly be considered a denial. See *Akron v. Molyneaux* (2001), 144 Ohio App.3d 421, 425, 760 N.E.2d 461; *Georgeoff v. O'Brien* (1995), 105 Ohio App.3d 373, 378, 663 N.E.2d 1348. The record reveals that shortly after accepting Patrick's plea, the hearing concluded and the case was set for sentencing. Following his sentencing, Patrick filed two pro se motions: one seeking to withdraw his guilty plea, and a second requesting an evidentiary hearing. Under Crim.R. 32.1, a postsentence motion to withdraw a guilty plea should be granted only to correct manifest injustice. *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. A defendant has the burden of establishing the existence of manifest injustice. *State v. Smith* (1977), 49 Ohio St.2d 261, 264, 3 O.O.3d 402, 361 N.E.2d 1324.

{¶ 18} In reviewing the trial court's postsentence decision refusing to grant Patrick's motion to withdraw his guilty plea, our standard of review is limited to a determination of whether the trial court abused its discretion. *State v. Blatnik* (1984), 17 Ohio App.3d 201, 202, 17 OBR 391, 478 N.E.2d 1016. An abuse of discretion constitutes more than just an error of law or judgment; it implies that the court's attitude, as evidenced by its decision, is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 19} "What constitutes an abuse of discretion with respect to denying a motion to withdraw a guilty plea necessarily is variable with the facts and circumstances involved." *State v. Walton* (1981), 2 Ohio App.3d 117, 119, 2 OBR 131, 440 N.E.2d 1225. However, we recognize that if a guilty plea could be easily retracted after the imposition of a sentence, " 'the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.' " *State v. Peterseim* (1980), 68 Ohio

App.2d 211, 213, 22 O.O.3d 341, 428 N.E.2d 863, quoting *Kadwell v. United States* (C.A.9, 1963), 315 F.2d 667, 670.

{¶ 20} It is clear from the record that the court went through each of the three charges individually and that Patrick pleaded guilty to the three separate charges. The trial court then sufficiently outlined each of the offenses and advised Patrick of his rights before accepting his plea. Further, defense counsel clearly stated that he had discussed the plea with Patrick and that Patrick was pleading to the three separate counts:

Mr. Paris: Correct. Your Honor, so I have discussed this matter with him. At this time he would be withdrawing his plea of not guilty and entering guilty pleas to counts one, two and seven.

I have also given him his constitutional rights, although, I have also indicated the independent obligation of this court to also recite his constitutional rights to him.

{¶ 21} Patrick has not shown that his plea was not knowingly, intelligently, and voluntarily made, or that a manifest injustice exists as to necessitate the vacation of his plea. He has also not shown that the trial court abused its discretion in failing to allow the withdrawal of the plea at sentencing. Based upon these failures, the trial court was not then required to hold an evidentiary hearing.

{¶ 22} For these reasons, Patrick's fourth and fifth assignments of error lack merit.

{¶ 23} In his second assignment of error, Patrick contends that his due-process rights were violated when the court imposed a sentence other than the agreed sentence. The state has conceded that on this assignment of error alone, the cause should be remanded to the trial court.

{¶ 24} The record reflects that a plea agreement with a total sentence of five years was agreed to prior to the judge's pronouncement of a six-year sentence. The record reflects the following exchange:

THE COURT: We talked about years, didn't we, you and I?

MR. PARIS: We did. You and Prosecutor Mackin had an opportunity to see how many years possibly this young man here would be facing. And everyone has done a very good job of reaching this agreement.

THE COURT: Just to refresh my memory, in chambers, I think we were talking about four, was that the same, I seem to recall here?

MR. PARIS: Correct.

THE COURT: Four. So that means we have a one year consecutive on the failure to comply with the minimum sentence on the F-one consecutive.

MR. PARIS: Correct. It's like five—it would be three for the burglary, one for the gun specification and one for the failure to comply.

THE COURT: And gun specification, of course.

MR. PARIS: He is looking at a minimum of five.

THE COURT: When I say four, the discretionary time four, he has a one year gun specification.

MR. PARIS: Correct.

The trial court then reiterated this agreement when it stated,

You will be sentenced to four years with the one-year consecutive gun specification. There is no mystery here today.

{¶ 25} When sentencing Patrick, however, the court imposed an aggregate six-year sentence by imposing the following:

Therefore in this Case in Counts 1 and 2, well, aggravated burglaries, felony of the fifth degree, I hereby sentence you to three years in a state penal institution with one year consecutive for the firearm conviction which is a one-year gun spec so that's one year, the gun spec. Three years on the underlying offense. Failure to comply with the lawful order or signal of a police officer, I'll give you two years on the case consecutively due to the serious nature of the case so that's a period of incarceration of five years.

{¶ 26} In *State v. Adams* (May 22, 1997), Cuyahoga App. No. 70045, 1997 WL 272385, this court analyzed a similar issue and found that since the sentence the defendant was promised prior to entering his guilty plea and the sentence that was imposed were different, the sentence was therefore void. While it is true that a trial court may accept or reject an agreed-upon sentence, if a defendant and his attorney reached an agreement with the prosecutor and the trial court then accepted this agreement on the record, to impose anything other than the agreed, upon sentence renders it void or voidable.

{¶ 27} In the instant case, Patrick knew the sentence that was to be imposed and accepted this sentence in exchange for the dismissal of several charges. Based upon the trial court's imposition of a sentence greater than that agreed upon by all parties, we must vacate the imposed sentence and remand the cause for resentencing.

{¶ 28} Patrick's second assignment of error has merit.

{¶ 29} In his third assignment of error, Patrick contends that the failure to impose the agreed-upon sentence rendered Patrick's plea not knowingly, intelligently, and voluntarily made. In *State v. Adams*, supra, this court rejected an identical argument, finding specifically that "[a]ppellant's contention that his guilty plea was not knowingly and voluntarily made is not well-taken." Patrick

obtained a significantly reduced sentence by agreeing to plead guilty. Since we have found that his initial plea was in fact freely given, the cure for an error in sentencing is to remand for resentencing, not to vacate both the plea and the sentence.

{¶ 30} Patrick's third assignment of error lacks merit.

{¶ 31} The judgment of the trial court is affirmed in part, and we vacate the sentence and remand the cause for resentencing in accord with the plea agreement as entered into between the parties and accepted by the trial court.

Judgment affirmed in part,
sentence vacated,
and cause remanded.

BLACKMON, A.J., and GALLAGHER, J., concur.

## APPENDIX A

ASSIGNMENTS OF ERROR

I. The court erred by not sufficiently explaining to the appellant what he was pleading to and thereafter accepting the appellant's guilty plea when it was not knowingly, intelligently and voluntarily made.

II. The trial court violated appellant's due process rights when it imposed a sentence other than the agreed sentence.

III. The court erred when it imposed a sentence other than the agreed sentence rendering appellant's guilty pleas void as they were not knowingly, intelligently and voluntarily made.

IV. The trial court abused its discretion when it ignored appellant's motion to withdraw guilty plea.

V. The trial court abused its discretion when it ignored appellant's motion for an evidentiary hearing.