JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, John Absher, appeals the ruling of the common pleas court, which denied his post-sentence motion to withdraw his guilty plea without holding an evidentiary hearing. After reviewing the arguments of the parties and for the reasons set forth below, we affirm.
 {¶ 2} Appellant was initially indicted by the Cuyahoga County Grand Jury in two separate criminal cases. In CR364667, he was charged with one count of felony tampering with records, in violation of R.C. 2913.42. This indictment stemmed from an incident that occurred in March 1998 when appellant, while acting in his capacity as a notary public, notarized forged signatures and signatures of individuals not in his presence at the time they subscribed their signatures.
 {¶ 3} In CR364841, appellant was charged with one count of felony tampering with records, in violation of R.C. 2913.42. This indictment stemmed from an incident that occurred in January 1998 when appellant again notarized forged signatures while acting as a notary public.
 {¶ 4} Appellant entered pleas of not guilty to all of the charges. On March 10, 1999, he entered into a plea agreement with the state. Pursuant to the agreement, the state moved to amend each charge, adding attempt, in violation of R.C. 2923.02. The amendment altered both offenses to misdemeanors of the first degree. Appellant, in turn, withdrew his former pleas of not guilty and entered pleas of guilty. The trial court accepted appellant's guilty pleas and sentenced him to four months in county jail. The trial court then suspended the term of imprisonment and ordered one year of probation.
 {¶ 5} In a letter dated June 30, 1999, an assistant prosecuting attorney notified the court and the Notary Public Commission of Cuyahoga County of appellant's two convictions for attempted tampering with records, since the convictions involved actions by appellant in his capacity as a notary public. On September 30, 1999, the administrative judge of the common pleas court issued the recommendation of the court and the Notary Public Commission to revoke appellant's notary public license in Ohio. Appellant's license was duly revoked, and that revocation was upheld by this court. State v. Absher (Dec. 14, 2000), Cuyahoga App. No. 77195.
 {¶ 6} On October 29, 1999, appellant filed a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1, asserting that he was misled in entering those pleas. The trial court did not issue a ruling on this motion until August 29, 2005, at which time it submitted the following journal entry:
 {¶ 7} "DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA IS DENIED WITHOUT HEARING AS DEFENDANT HAS ALLEGED NO FACTS WHICH, IF ACCEPTED AS TRUE, WOULD REQUIRE THE COURT TO PERMIT DEFENDANT'S PLEA TO BE WITHDRAWN."
 {¶ 8} Appealing from this ruling, appellant asserts the following assignment of error:
 {¶ 9} "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DENIED THE MOTION TO WITHDRAW THE PLEAS OF GUILTY WITHOUT A HEARING."
 {¶ 10} Ohio Crim.R. 32.1 states:
 {¶ 11} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice thecourt after sentence may set aside the judgment of conviction andpermit the defendant to withdraw his plea." (Emphasis added.)
 {¶ 12} The standard of review to be employed for this assignment of error is abuse of discretion. Abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.State v. Lambros (1988), 44 Ohio App.3d 102, 541 N.E.2d 632, citing State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 Ohio Op.3d 169, 404 N.E.2d 144. Furthermore, appellant's motion to vacate his plea did not occur until after sentence had been imposed. "Under Crim.R. 32.1, a post-sentence motion to withdraw a guilty plea should only be granted to correct a manifest injustice. State v. Xie (1992), 62 Ohio St.3d 521, 526,584 N.E.2d 715. A defendant has the burden of establishing the existence of manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, 264, 361 N.E.2d 1324." State v. Patrick,163 Ohio App.3d 666, 2005-Ohio-5332, 839 N.E.2d 987.
 {¶ 13} Appellant has not established the existence of any manifest injustice. His main argument in his initial motion to withdraw his pleas, and in this appeal, is that he did not knowingly, intelligently, and voluntarily enter his guilty pleas. He contends that he was not made aware of the fact that his notary public license could be revoked as a result of his pleas. He further argues that the state intentionally misled him into pleading guilty and that the trial court erred in denying his motion without first holding an evidentiary hearing. We find no merit to any of these contentions.
 {¶ 14} Appellant does not challenge the fact that the trial court fully explained the constitutional rights he would be waiving upon entering guilty pleas; therefore, our standard of review is not strict compliance with Crim.R. 11, as would be required for a challenge to the adequacy of explaining constitutional rights. State v. Wanzo (1998),129 Ohio App.3d 664. Rather, on the basis that appellant did not knowingly enter into his guilty pleas, we must find that the trial court did notsubstantially comply with Crim.R. 11 in order to vacate his pleas. State v. Nero (1990), 56 Ohio St.3d 106; State v.Stewart (1977), 51 Ohio St.2d 86.
 {¶ 15} A trial court substantially complies with Crim.R. 11 where, under the totality of the circumstances, the defendant subjectively understands the rights he is waiving and the consequences of the plea. Stewart, supra. Appellant must also demonstrate a prejudicial effect when arguing that he did not knowingly, intelligently and voluntarily enter a guilty plea. Id.
 {¶ 16} Appellant argues that he was not made aware of all potential consequences that might occur as a result of his guilty pleas. Substantial compliance does not require a trial court to list all potential collateral consequences one might incur because of a plea of guilty in a certain case. The record indicates that the trial court fully informed appellant of all potential criminal punishments he might receive as a result of his guilty pleas, including a possible term of imprisonment of six months and a fine of $1,000, together with restitution. The trial court did not substantially violate Crim.R. 11 by not going over every possible ramification of the guilty pleas.
 {¶ 17} This court has clearly held that the effect of a plea on collateral matters is not a ground for rendering a plea involuntary. In State v. Sabatino (1995), 102 Ohio App.3d 483, this court found that a defendant's "mistaken belief that he would be able to retain his employment once he was convicted was the result of his own miscalculation and had no impact on whether he knowingly and voluntarily entered a guilty plea * * *." Id. at 486. Additionally, in Sabatino, the defendant asked to withdraw a guilty plea prior to sentencing. Here, appellant moved to withdraw his plea well after he was sentenced. As previously illustrated, the standard for withdrawal after sentencing is much higher than the presentence standard. As the defendant inSabatino did not prevail under the lower presentencing standard, neither can this similarly situated appellant prevail under the stricter post-sentencing standard applicable here.
 {¶ 18} Appellant also cannot establish prejudice in this case. R.C. 147.03 provides that a "notary public who violates the oath required by this section shall be removed from office by the court of common pleas of the county in which he resides * * *." Thus, the revocation of his notary public license was prescribed by statute, not imposed by the sentencing court.
 {¶ 19} Appellant's allegation that the prosecution was misleading by not informing him that they may alert the Notary Commission of his convictions is also without merit. The subsequent transactions leading to his license revocation were outside and collateral to his pleas to the actual offenses and were not part of the plea agreement. Thus, the prosecution's subsequent actions in informing the Notary Commission cannot be held to be a byproduct of misleading conduct on the state's part.
 {¶ 20} We further reject appellant's assertion that the trial court erred in denying his post-sentence motion to withdraw his guilty plea without a hearing. A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by appellant, even if accepted as true, would not require the court to grant the motion. State v. Blatnik (1984),17 Ohio App.3d 201, 204, 17 Ohio B. 391, 478 N.E.2d 1016. Appellant has not established any argument of merit that would require the trial court to have granted his motion to withdraw his guilty pleas. Thus, the trial court properly denied appellant's motion without first holding a hearing.
 {¶ 21} According to the Ohio Supreme Court, a "[p]ost-sentence withdrawal motion is allowable only in extraordinary cases." Smith, supra at 264. The facts of this case do not rise to the level of such an extraordinary case. This appeal is therefore overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Gallagher, J., concur.