OPINION
{¶ 1} Defendant-appellant, Nickolas M. Brandenburg, appeals his conviction in the Butler County Court of Common Pleas for one count of tampering with records, two counts of tampering with evidence, one count of theft in office, and two counts of receiving stolen property. We affirm the trial court's decision.
 {¶ 2} On October 11, 2006, Brandenburg was arrested in connection with receiving two pieces of stolen farm equipment worth in excess of $25,000 each. At the time he *Page 2 
received the equipment, Brandenburg was employed as a deputy sheriff for Butler County. Using the opportunities presented through his office, Brandenburg had a dispatcher change the equipment's vehicle identification number in a police electronic database so that they would not be discovered or recovered. In January 2007, Brandenburg was indicted on one count of tampering with records in violation of R.C. 2913.42, a third-degree felony, two counts of tampering with evidence in violation of R.C. 2921.12, a third-degree felony, one count of theft in office in violation of R.C. 2921.41, a third-degree felony, and three counts of receiving stolen property in violation of 2913.51, a fourth-degree felony.
 {¶ 3} On May 7, 2007, the trial court held a change of plea proceeding, at which Brandenburg entered a guilty plea to counts one through five and seven. As part of the plea agreement, Brandenburg's sentence for each count would run concurrently and the state agreed to nolle prosequi the sixth count which charged Brandenburg with receiving stolen property. On June 14, 2007, the court sentenced Brandenburg to a total of five years in prison and a $2,000 fine specific to count one. Brandenburg appeals his conviction, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE COURT ERRED IN ACCEPTING DEFENDANT'S GUILTY PLEA."
 {¶ 6} In Brandenburg's first assignment of error, he asserts that his guilty plea was not knowingly and voluntarily made as required by Crim. R. 11. Specifically, Brandenburg contends that his guilty plea should be withdrawn because the trial court did not advise him at his plea hearing that he would be subject to fines as part of his punishment for pleading guilty to the six counts. We find no merit in this argument.
 {¶ 7} In order to withstand scrutiny under the United States and Ohio constitutions, a defendant's guilty plea must be made knowingly, intelligently, and voluntarily. State v. Engle, 74 Ohio St.3d 525,1996-Ohio-179. Crim. R. 11(C)(2) provides the procedure a trial court *Page 3 
must follow when accepting a guilty plea in a felony case. State v.Todd, Clermont App. No. CA2003-02-012, 2003-Ohio-6786. The rule "was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." State v. Nero (1990), 56 Ohio St.3d 106, 107.
 {¶ 8} As relevant to the issue presented in this case, the applicable language of the rule declares that, "in felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 9} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim. R. 11(C)(2)(a).
 {¶ 10} In addition, Crim. R. 11(C)(2)(c) requires that the defendant be made aware of and waive his constitutional rights. Therefore, before a reviewing court may determine that a guilty plea was valid, the record must indicate that the defendant knowingly and voluntarily waived his Fifth Amendment privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront his accusers.Nero.
 {¶ 11} Here, the record indicates that the trial court strictly complied with Crim. R. 11 by advising Brandenburg of his constitutional rights. The court explicitly detailed Brandenburg's right to remain silent, to have a jury hear his case, to have the state prove his guilt beyond a reasonable doubt, to subpoena witnesses to court, and to confront his accusers. Brandenburg acknowledged that he understood his constitutional rights and then waived them. Therefore, there was no error in the trial court's actions with regards to these constitutional requirements.
 {¶ 12} While a court must strictly comply with Crim. R. 11 by advising the defendant of his constitutional rights, failure to inform the defendant of a nonconstitutional issue is not per *Page 4 
se prejudicial or plain error. State v. Ballard (1981),66 Ohio St.2d 473. Instead, when nonconstitutional issues are implicated, a guilty plea is valid if the court substantially complied with Crim. R. 11(C)(2).
 {¶ 13} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. See State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415 (finding substantial compliance even though the trial court failed to inform defendant that a guilty plea is a complete admission of guilt); State v. Frazier, Franklin App. No. 05AP-425, 2006-Ohio-1475 (finding substantial compliance even though the trial court did not discuss with defendant the elements of the charge or specifically ask defendant if he understood the nature of the charge); and State v. Absher, Cuyahoga App. No. 87061, 2006-Ohio-3717 (finding substantial compliance even though the trial court did not go over every possible ramification of the guilty plea).
 {¶ 14} A defendant who argues that his guilty plea was not voluntarily, knowingly, and intelligently made must also show prejudicial effect. State v. Schreiber, Butler App. No. CA2006-09-237,2007-Ohio-6030. "The test is whether the plea would have otherwise been made." Nero at 108.
 {¶ 15} After thoroughly examining the record, we find that the trial court substantially complied with the requirements of Crim. R. 11, as it relates to the issue of the imposition of a fine, before accepting Brandenburg's guilty plea. During the plea proceedings, the trial court questioned Brandenburg and determined that he had a high-school education, was able to read and understand the English language, and was not under the influence of any drugs or alcohol at the time of the hearing. The court then advised Brandenburg of the maximum sentence terms relating to the counts so that running concurrently, the court could impose a maximum five-year prison term. Brandenburg also stated that he understood that an *Page 5 
imposed prison sentence could not be reduced for "good time" and that the court could impose community control sanctions instead of prison time if it so chose. After the state offered a statement of the facts in which it detailed all six counts, the court addressed Brandenburg in the following exchange:
 {¶ 16} "The Court: Mr. Brandenburg, do you understand the charges of the six counts?
 {¶ 17} "The Defendant: Yes, I do.
 {¶ 18} "The Court: Do you understand the penalties associated with them? (Emphasis added.)
 {¶ 19} "The Defendant: Yes, I do."
 {¶ 20} The court then read the six counts and asked Brandenburg how he plead, to which Brandenburg answered "guilty" to each.
 {¶ 21} Thereafter, the following exchange occurred:
 {¶ 22} "The Court: Mr. Brandenburg, you told me you could read and understand the English language. Did you read and understand this document captioned plea of guilty and jury waiver? It's a two-page document, and the second page appears to have some signatures on that page. Did you read that document?"
 {¶ 23} "The Defendant: Yes, I did.
 {¶ 24} "The Court: Did you sign that document?
 {¶ 25} "The Defendant: Yes.
 {¶ 26} "The Court: Did you go over this document with your attorney?
 {¶ 27} "The Defendant: Yes.
 {¶ 28} "The Court: Did he explain everything to you?
 {¶ 29} "The Defendant: Yes. *Page 6 
 {¶ 30} "The Court: Are you satisfied with the advice and counsel you've received from your attorney?
 {¶ 31} "The Defendant: Yes.
 {¶ 32} "The Court: Mr. Brandenburg, has anything been promised to you that has not been specifically discussed here in open court or contained in this plea agreement?
 {¶ 33} "The Defendant: No."
 {¶ 34} Before concluding the proceedings, the court once again addressed Brandenburg.
 {¶ 35} "The Court: You are doing this freely and voluntarily?
 {¶ 36} "The Defendant: Yes.
 {¶ 37} "The Court: Again, do you have any questions?
 {¶ 38} "The Defendant: No."
 {¶ 39} At that time, the court found that Brandenburg made a knowing, intelligent, and voluntary waiver of his rights pursuant to Crim. R. 11 and then entered a guilty plea for each charge. We find no error in this conclusion.
 {¶ 40} Though the trial court did not specifically address the imposition of fines, the court substantially complied with the requirements of Crim. R. 11. More than once, the court detailed the possible prison sentence that it could impose and made assurances that Brandenburg was aware of the possible sentence for each count. On the written plea form, which Brandenburg confirmed that he read and understood with the assistance of counsel, the maximum prison terms are set out, as are the maximum fines. Under count one (tampering with records) the maximum fine listed is $10,000. Additionally, the document has the following term: "Court costs, restitution and other financialsanctions including fines, * * *, and reimbursement for the cost of any sanctions may also be imposed." (Emphasis added.)
 {¶ 41} Though a court may not rely on defense counsel or a written document to *Page 7 
supplant its duty to delineate the repercussions of pleading guilty, the totality of the circumstances indicate that Brandenburg was aware of the possibility of fines. When asked if he had read his plea agreement and jury waiver, Brandenburg acknowledged that he had. The court also asked if his attorney had explained the document to him, at which time Brandenburg confirmed that he had.
 {¶ 42} Brandenburg was offered multiple chances to ask the trial court questions and to clear up any misunderstanding relating to the possibility of a fine. At no time, however, did Brandenburg express any indication that he did not understand the possibility of a fine upon pleading guilty. Based on the totality of the circumstances, Brandenburg subjectively understood the implication of his plea, the rights that he was waiving, and the possible punishment he would face.
 {¶ 43} Furthermore, Brandenburg fails to show that he was prejudiced by the court not specifically detailing the possibility of fines. Nothing in the record indicates that Brandenburg would not have pled guilty if the court had expressly informed him of the possibility of the fine. In exchange for his guilty plea, the state nolled the sixth count of receiving stolen property for which he was indicted. Additionally, the state agreed to concurrent sentences, reducing Brandenburg's sentence to five years instead of a possible 23 years based on consecutive sentences. Brandenburg has never contended that he would not have pled guilty if the court had addressed the possibility of a fine at his plea hearing. Therefore, Brandenburg fails to show that he was prejudiced by the court's omission at the plea hearing.
 {¶ 44} We find no error in the trial court's acceptance of Brandenburg's guilty plea as it was made knowingly, intelligently, and voluntarily, and because the trial court substantially complied with Crim. R. 11. Therefore, Brandenburg's first assignment of error is overruled.
 {¶ 45} Assignment of Error No. 2:
 {¶ 46} "THE COURT ERRED IN SENTENCING THE DEFENDANT TO THE *Page 8 
MAXIMUM PRISON TERM."
 {¶ 47} Brandenburg challenges his sentence, arguing that the trial court improperly sentenced him to more than the minimum sentence. We find this argument without merit.
 {¶ 48} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court severed unconstitutional provisions of Ohio's felony sentencing statutes and held that trial courts have the discretion to impose sentences within the statutory range. Specifically, the court held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 49} Brandenburg was sentenced to five years for each of his third-degree felonies and 18 months for each of his fourth-degree felonies. According to R.C. 2929.14(A)(3), (4) "For a felony of the third degree, the prison term shall be one, two, three, four, or five years. For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."
 {¶ 50} Brandenburg was sentenced after the Foster decision was announced, and our review of the record indicates that the trial court complied with Foster by sentencing Brandenburg to prison terms, to run concurrently, within the statutory range without making additional findings of fact.
 {¶ 51} Brandenburg essentially argues that the trial court erred by sentencing him to a maximum sentence when he was a first-time offender. Brandenburg asserts that pre-Foster, there was a presumption that a defendant who had never served a prison term would receive the minimum sentence. This court has previously considered the argument and found it to be without merit. See State v. Kincer, Clermont App. No. CA2006-08-055, 2007-Ohio-3352; and State v. Sheets, Clermont App. No. CA2006-04-032, 2007-Ohio-1799. Therefore, Brandenburg's second assignment of error is overruled. *Page 9 
 {¶ 52} Judgment affirmed.
 BRESSLER, P.J. and YOUNG, J., concur. *Page 1