[Cite as *State v. McCall*, 2020-Ohio-270.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                          Nos. 108304, 108306, and 108307

    v.                                       :

CHARLES C. MCCALL, ET AL.               :

    Defendants-Appellants.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:**  January 30, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-631046-A, CR-18-632000-A, and CR-18-632000-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jeffrey Maver, Assistant Prosecuting Attorney, *for appellee.*

L. Bryan Carr, *for appellants.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1}   Defendants-appellants, Charles McCall ("Charles") and Kelley McCall ("Kelley") appeal from the trial court's judgments rendered after their guilty pleas. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 2} In August 2018, Charles was indicted in Cuyahoga C.P. No. CR-18-631046-A on one count of trafficking in counterfeit controlled substances in violation of R.C. 2925.37, a fifth-degree felony.

{¶ 3} Later that month, he and his mother, Kelley, were indicted in Cuyahoga C.P. No. CR-18-632000 (a reindictment of Cuyahoga C.P. No. CR-18-628858) on two counts of trafficking in violation of R.C. 2925.03, first-degree felonies; two counts of drug possession in violation of R.C. 2925.11, first-degree felonies; and one count of possessing criminal tools in violation of R.C. 2923.24, a fifth-degree felony. Charles was also indicted on one count of having weapons while under disability in violation of R.C. 2923.13, a third-degree felony. The counts included major drug offender, firearm, and forfeiture specifications.

{¶ 4} In January 2019, as part of a plea agreement, Charles pleaded guilty in CR-18-631046 to one count of trafficking in counterfeit controlled substances, a felony of the fifth degree. In CR-18-632000, he pled guilty to one count of trafficking, a first-degree felony, with a one-year firearm and forfeiture specifications. At the plea hearing, the prosecutor told the judge that "part and parcel with this plea is also the agreed recommended sentence of a four-year prison term" regarding the trafficking offense. Prior to accepting Charles's plea, the trial judge confirmed with Charles that he understood that the court was not bound by the recommended sentence and was free to impose a different sentence. Charles

told the judge that he had "just now found that out" when the court so advised him but it did not change his mind about pleading guilty.

{¶ 5} Kelley pleaded guilty in CR-18-632000 to drug possession, a third-degree felony, with forfeiture specifications. The remaining counts and specifications with respect to both Charles and Kelley were nolled.

{¶ 6} On February 28, 2019, the parties appeared for sentencing. Kelley's counsel told the judge that the offenses, which occurred at Kelley's residence, "were fueled by a little bit of a drug issue that Miss McCall had at the time." The trial court sentenced Kelley to five years community control, and told Kelley that as a condition of her community control, she could not go or work anywhere "where drugs or alcohol are sold, served, or used" because "drugs and alcohol obviously add to addictions of people." The judge informed Kelley, who worked as a manager at a restaurant where alcohol was served, that she had 30 days to get a new full-time job, or two part-time jobs.

{¶ 7} With respect to Charles, both defense counsel and the prosecutor asked the judge to impose the agreed-upon four-year sentence in CR-18-632000. However, the judge sentenced Charles to eight years incarceration on the trafficking charge and one year on the firearm specification, for an aggregate term of nine years. The judge sentenced him in CR-18-631046 to one year in prison, to be served concurrently with the sentence in CR-18-632000. The judge also ordered Charles and Kelley to forfeit a gun and digital scale to the state.

{¶ 8} On March 6, 2019, the trial court entered a nunc pro tunc entry correcting Charles's sentence in CR-18-632000 to reflect that he was sentenced to six years incarceration on the underlying charge and one year on the firearm specification, for an aggregate sentence of seven years, to run concurrent with the sentence imposed in CR-18-631046. This appeal followed.

## II. Law and Analysis

### A. Charles's Sentence

{¶ 9} In his first assignment of error, Charles contends that the trial court abused its discretion in rejecting the agreed-upon four-year recommended sentence.

{¶ 10} We begin by noting that a trial court is not required to accept an agreed-upon sentence. *State v. Patrick*, 163 Ohio App.3d 666, 2005-Ohio-5332, 839 N.E.2d 987, ¶ 26 (8th Dist.). The trial court in this case was very clear that it was not bound by the recommended sentence, and Charles confirmed before he pleaded guilty that he so understood. Accordingly, the fact that the parties agreed upon a four-year recommended sentence is not relevant to our analysis.

{¶ 11} Appellate review of felony sentences is governed by R.C. 2953.08, which provides that when reviewing felony sentences, this court may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings, if applicable, or the sentence is contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and

principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. McGowan*, 8th Dist. Cuyahoga No. 105806, 2018-Ohio-2930, ¶ 9.

{¶ 12} Charles contends that his sentence is contrary to law because the trial court did not consider the relevant statutory factors. He notes that the trial court did not set forth any reasons during the sentencing hearing regarding why the agreed-upon sentence would not be appropriate, and that the sentencing entry does not reference R.C. 2929.12. Although the trial court did not specifically reference the relevant statutory factors at sentencing, its journal entry imposing sentence states that it "considered all required factors of the law" and, further, that "prison is consistent with the purpose of R.C. 2929.11." The court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligation under the sentencing statutes. *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 18. Charles's sentence is also within the statutory range for a first-degree felony. Accordingly, the sentence is not contrary to law.

{¶ 13} And despite Charles's assertion otherwise, the record supports the trial court's sentence. Charles appears to argue that the sentence is too harsh because the parties agreed upon a four-year recommended sentence, he apologized for his offenses, and he had only one prior adult felony offense. But Charles's sentence is within the statutory range for a first-degree felony, so the severity of the

sentence is not a basis for seeking relief. *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 11.

{¶ 14} Furthermore, as the trial court found at the sentencing hearing, Charles's drug trafficking offenses were serious and impacted the community, and he was charged in two more felony cases while his first case was pending before the court. Charles also apparently lacked candor with the court. The judge found, and Charles agreed, that the letters of support to the judge by various of Charles's friends contained details that were not entirely true. The judge also told Charles that she did not "believe your whole story today either." In light of this record, we cannot find by clear and convincing evidence that the record does not support the sentence. The first assignment of error is overruled.

{¶ 15} The state asserts that having initially imposed a nine-year sentence, the trial court had no authority to reduce Charles's sentence to seven years. However, the state did not cross-appeal the trial court's corrected sentence nor file a motion for leave to appeal this issue. *See* App.R. 4(B) and 5(C). Accordingly, that issue is not before this court and we decline to address it.

**B. Ineffective Assistance of Counsel**

{¶ 16} In his second assignment of error, Charles contends that he was not afforded effective assistance of counsel. He argues that counsel was deficient because he (1) did not argue that Charles did not possess any drugs and therefore could not have trafficked drugs, (2) failed to advise Charles that the court was not bound by the agreed-upon recommended sentence; (3) did not make Charles aware

that the court could impose a mandatory fine; and (4) did not show Charles the discovery provided to the defense by the state of Ohio.

{¶ 17} To establish ineffective assistance of counsel, a defendant must show that his trial counsel's performance was seriously flawed and deficient, and the result of the defendant's trial or legal proceedings would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 18} However, "'a claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea to be involuntary.'" *State v. Hudson*, 8th Dist. Cuyahoga No. 96435, 2011-Ohio-6272, ¶ 24, quoting *State v. Hicks*, 8th Dist. Cuyahoga No. 90804, 2008-Ohio-6284, ¶ 24. To prove a claim of ineffective assistance of counsel after having pleaded guilty, a defendant "must demonstrate that there is a reasonable probability that, but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial." *State v. Szakacs*, 8th Dist. Cuyahoga No. 92230, 2009-Ohio-5480, ¶ 15, citing *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 19} Charles makes no such showing. Although he contends that counsel did not advise him prior to his plea that the court was not bound by the four-year recommended sentence, the record reflects that before pleading guilty, Charles told the court he was aware that a four-year sentence was not guaranteed but that fact did not change his decision to plead guilty. And Charles makes no argument that counsel's alleged failure to advise him of the mandatory fine or show him discovery

provided by the state somehow affected his decision to plead guilty. Likewise, Charles does not argue that counsel's alleged failure to argue that he did not possess any drugs and therefore could not have trafficked drugs affected his decision to plead guilty. This is presumably because at the plea hearing, after acknowledging that his counsel and the prosecutor had engaged in a "huge negotiation" that resulted in a plea agreement that reduced his maximum prison exposure from twenty-seven years to eleven years, with the state agreeing to recommend four years, Charles told the court that he was satisfied with his counsel.

{¶ 20} In short, Charles fails to demonstrate that counsel's performance was deficient and caused him to enter a guilty plea that he would not otherwise have made. The second assignment of error is overruled.

### C. Condition of Community Control

{¶ 21} In the third assignment of error, Kelley contends that the trial court's requirement as a condition of her community control that she not work in any location where alcohol is served was overbroad and unreasonable.

{¶ 22} Generally, a trial court has broad discretion when deciding and imposing the terms and conditions of community control. *State v. Patton*, 8th Dist. Cuyahoga No. 103737, 2016-Ohio-4867, ¶ 18, citing *Lakewood v. Hartman*, 86 Ohio St.3d 275, 277, 714 N.E.2d 902 (1999). Accordingly, we review the imposition of these terms and conditions for an abuse of discretion. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10. A court abuses its discretion if its

decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 23} Probation "conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1990). Appellate courts evaluate the reasonableness of probation conditions using the three-prong test articulated in *Jones*. Under the test, courts should:

> Consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.

*Id.* at 53; *State v. Dorsey*, 8th Dist. Cuyahoga No. 104229, 2016-Ohio-8315, ¶ 4.

{¶ 24} Kelley contends that her conviction "had absolutely nothing to do with" alcohol and by imposing such a condition, the trial court effectively ruled that she cannot work in the restaurant business at all. Thus, she contends the prohibition is overbroad and unreasonable.

{¶ 25} We do not agree that the trial court abused its discretion by ordering that Kelley not work anywhere where alcohol is served. Kelley was convicted of drug possession, and at the sentencing hearing, Kelley's counsel admitted that Kelley's offense arose out of her drug addiction. Alcohol, like drugs, is an intoxicant. Given the reasonable relationship between Kelley's drug addiction, the drug possession offense, and the prohibition on working anywhere alcohol is served, we find no error in the imposition of the condition.

**{¶ 26}** We disagree with Kelley's assertion that the condition effectively prohibits her from working in the restaurant industry. The condition is not a complete prohibition on working in restaurants; it allows Kelley to work in restaurants that do not serve alcohol. Furthermore, although Kelley had to quit her current employment to comply with the condition, the judge gave her the flexibility of finding either one full-time job or two part-time jobs within 30 days. We find no abuse of discretion. The third assignment of error is overruled.

**{¶ 27}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendants' convictions having been affirmed, any bail pending is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MARY EILEEN KILBANE, J., CONCUR